IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

August 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SCRUGGS, INC. | ) | KNOX COUNTY |
| | ) | 03A01-9701-CV-00038 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. HAROLD WIMBERLY, |
| | ) | JUDGE |
| | ) | |
| TR Auto/Truck Plaza, Inc., | ) | |
| THOMAS C. REBER, Individually, | ) | |
| and RICK H. LEWIS, Individually | ) | |
| | ) | |
| Defendants-Appellants | ) | VACATED AND REMANDED |

CARL R. OGLE, JR., and J. MICHAEL KERR OF JEFFERSON CITY FOR
APPELLANTS

JEFFREY A. WOODS OF KNOXVILLE FOR APPELLEE

O P I N I O N

Goddard, P.J.

        The suit giving rise to this appeal originated in the
General Sessions Court for Knox County, wherein the Plaintiff,
Scruggs, Inc., sought judgment against the Defendants, TR
Auto/Truck Plaza, Inc., Thomas C. Reber, Individually, and Rick
H. Lewis, Individually, on a sworn account.

The Plaintiff prevailed there, and the Defendants appealed the judgment to the Circuit Court, where the Plaintiff again prevailed.

After judgment was rendered in the Circuit Court, the Defendants filed a motion to set aside the judgment and the Plaintiff responded by a motion to strike and to have the Court grant sanctions against the Defendants and their counsel.

The Trial Judge denied the motion to set aside, granted the motion to strike, and also granted the motion to impose sanctions against all of the Defendants, except Mr. Reber, who was non-suited after he filed for bankruptcy, and also against the Defendants' attorney, Carl O. Ogle, Jr. He thereupon awarded the Plaintiff $2559.31 for its reasonable expenses, including attorney fees in addition to the judgment on the account rendered against TR Auto/Truck Plaza, Inc., and Mr. Lewis.

Mr. Ogle appeals, raising the following issue:

1. WHETHER THE TRIAL JUDGE ERRED IN AWARDING SANCTIONS AGAINST THE DEFENDANTS' ATTORNEY OR, IN THE ALTERNATIVE, IN AWARDING THE PLAINTIFF'S ATTORNEY'S FEES INCURRED THROUGHOUT THE ENTIRETY OF THE LITIGATION AS OPPOSED TO ONLY THOSE ATTORNEY'S FEES FOR THE OBJECTIONABLE PLEADINGS AND IN FAILING TO HOLD A HEARING ON THE REASONABLENESS OF THE ATTORNEY'S FEES.

The principal basis for the sanction against Mr. Ogle was the Trial Court's finding that a representation made by Mr. Ogle in his "MOTION TO SET ASIDE JUDGMENT" was false. Specifically, the representation was:

2

3.  That the attorney representing the Plaintiff, Jeffrey A. Woods, nor his client were at the courthouse on the 12th day of April, 1993.

In a brief filed subsequent to the Plaintiff seeking sanctions, Mr. Ogle's associate represented that the statement giving rise to the sanctions was made on information and belief and in good faith.

It does not appear that there has been an evidentiary hearing to determine whether Mr. Ogle was guilty of conduct warranting imposition of sanctions.  We are reluctant under the record in this case to sustain this drastic remedy, which appears to have been resolved upon pleadings and affidavits.

We accordingly vacate the order granting sanctions and remand the case to the Trial Court for an evidentiary hearing as to Mr. Ogle's culpability in the representation he made.

For the foregoing reasons the judgment of the Trial Court awarding sanctions against Mr. Ogle is vacated and the cause remanded for further proceedings not inconsistent with this opinion.  Costs of appeal are adjudged against the Plaintiff.


Houston M Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.

_____
Charles D. Susano, Jr., J.